## TURNER *v.* CRANE.

[75 South. 945, Division A.]

1. ATTACHMENT. *Wrongful Issuance. Evidence. Sufficiency.*

Under the facts set out in its opinion in this case the court held that the court below correctly sustained a perempory instruction for the defendant that the attachment was wrongfully sued out.

2. ATTACHMENT. *Wrongful issuance. Damages. Excessive damages.*

Where on a writ of inquiry to assess the damage sustained by a defendant because of the wrongful suing out of an attachment against a vacant lot, the only testimony relating to any actual damages was that of defendant himself that he had some inquiries to sell the lot, and also some conversation with a gentleman about building a house thereon, but that he was unable to do either, because of the suing out of the attachment and the levy on the lots. These damages were too remote and speculative upon which to base a recovery, but in such case a recovery of attorney fees was correct.

APPEAL from the circuit court of Scott county.

HON. J. D. CARR, Judge.

Attachment by W. A. Turner against J. J. Crane. From a judgment awarding defendant damages for the wrongful suing out of the attachment, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*C. S. Street,* for appellant.

A person is a non-resident of this state, within the meaning of the attachment law, if he be out of the state at the time suit is filed, and intend to remain out for an indefinite period, although he may intend to return at some uncertain future day. *Oil Co.* v. *Allen,* 83 Miss. 27.

It has also been held more times than one in this state that domicile and residence are not convertible terms *Bowers* v. *Ross,* 55 Miss. 213; *Brown* v. *Crane,* 69 Miss. 678. So, that, in this case, even conceding for the sake of argument only, that the defendant's domicile was in the state of Mississippi, his actual residence at the time the attachment was sued out, was in Louisiana, and had been for three or four months before and was for three or four months afterward.

There is absolutely no evidence to support a verdict, for eighty dollars, actual damages. The record may be searched from cover to cover and not a line or word of proof will be found of any damages other than a reasonable attorney fee. In the very recent case of *Illinois Central Railroad Co.* v. *Shore,* 74 So. 123, Advance sheets, March 24, 1917, Mr. Justice ETHRIDGE said: "Nothing more than nominal damages is shown in this record, and the jury rendered a verdict for seventy-three dollars and twenty cents in favor of Short. There being no standard by which the jury could legally arrive at this result, the evidence is insufficient to support the verdict."

After the evidence was all in, the court was asked by appellant to instruct the jury that no damages could be

recovered in this case, except a reasonable attorney fee. The court refused this instruction, and in so doing committed error.

*W. C. Eastland,* for appellee.

There is quite a difference in an absent debtor and an absconding debtor. The case of *Wallis* v. *Wallace,* 7 M. and 6 Howard, the court held that abscond as used in the statute has been used as equivalent to the term conceal. In 1 Words and Phrases, page 30, we find the following: "A man may be absent, or absent himself, without absconding or intending to elude his creditors. *Conard* v. *Conard,* 17 N. J. Law (2 Harris), 154-156. An absconding debtor, within an act of allowing attachment of goods of an absconding debtor includes a debtor who was shut up in his own house." *Ives* v. *Curtis,* 2 Root (Conn.) 133.

"An absconding debtor is one who, with intent to defeat or delay the demands of his creditors, conceals or withdraws himself from his usual place of residence beyond the reach of process. It is not necessary that he depart from the limits of the state in which he has resided. If one eludes his creditors, he intends to defraud or delay them. If one eludes his creditors, then he can be held to the intent of evading process, and all the law requires in order to constitute an "absconding debtor" is that he shall put himself in such a position that he can, and does, successfully evade the service of process. In one case it may be by concealment in his own house. It may consist in going from place to place so quickly as to evade meeting with the service of process anywhere. *Stafford* v. *Mills,* 32 Atl. 7, 8, 57 N. J. Law, 574."

"A party may abscond and subject himself to the operation of the attachment laws against absconding debtors and still not depart from the limits of the state. *Field* v. *Adron,* 7 Md. 209, 213; *Smith* v. *Johnson,* 62 N. W. 217-

218, 43 Neb. 754, Citing *Hoggett* v. *Emerson*, 8 Kan. 262; *Ware* v. *Todd*, 1 Ala. 200; *Fitch* v. *Waite*, 5 Conn. 121; *Field* v. *Adreon*, 7 Md. 209; *Malvin* v. *Christolf*, 7 N. W. 8; 54 Iowa, 562, Quoting Bouv. Law Dict.; *Bennett* v. *Avant*, 34 Tenn. (2 Sneed), 153; *Gandy* v. *Jolly*, 52 N. W. 376-377; 24 Neb. 536; *McMorran* v. *Moore*, 71 N. W. 505-506, 113 Mich. 101; *Thompson* v. *Newton*, 2 La. 411-413; *Norman* v. *Zieber*, 3 Or. 197, 205; 1 Bouv. Dict., 3rd Revision page 92; Fitsgerald, 2 Caines, N. Y. 318; *Dudley* v. *Staples*, 15 Johns. (N. Y.), 196; *Dunn* v. *Myers*, 3 Yerg. (Tenn., 414; *Fitch* v. *Waite*, 5 Conn. 117; *House* v. *Hamilton*, 43 Ill. 185; *In re Proctor*, 27 Vt. 118; *Mandel* v. *Peet*, 18 Ark. 236; *Field* v. *Adreon*, 7 Md. 209; *Ross* v. *Clark*, 32 Mo. 296; *Oil Company* v. *Allen*, 83 Miss. ——.

We submit from the facts in this case that there was sufficient evidence for the jury to award appellee actual and punitive damages for the wrongful suing out of this attachment. In 2 R. C. L. pg. 912, in the last section under attachment we find the following: "And the seizure under attachment of exempt property, with knowledge of the exemption, is sufficient to allow the recovery of exemplary damages. Similarly, an affidavit alleging non-residence, sworn to without inquiry and recklessly and executed by an excessive seizure of property, justifies exemplary damages. Also see 29 L. R. A. (N. S.) 277, note. We respectfully submit that the evidence in this case wholly fails to show and prove that appellee is a non-resident of this state or that he absconds himself as charged in appellant's affidavit; that the facts are undenied and that there was nothing left for the court to do but sustain appellee's motion for a peremptory instruction, and that there was full and sufficient evidence to submit to the jury the question of attorney's fees and damages, and that the case should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellant, W. A. Turner, instituted an attachment suit against appellee, J. J. Crane, in a justice of the peace court of Scott county. From the judgment in that court an appeal was prosecuted to the circuit court. In the circuit court a peremptory instruction was given the jury to return a verdict in favor of the defendant on the attachment issue and awarding a writ of inquiry to assess the damages sustained by the defendant because of the wrongful suing out of the attachment. The jury returned a verdict in favor of the defendant for eighty dollars actual damages and thirty-five dollars as a reasonable attorney's fee incurred by the defendant in defending the suit. Judgment was entered on this verdict in favor of the defendant for this amount, from which judgment this appeal is prosecuted.

The grounds of the attachment were that the defendant was indebted to plaintiff in the sum of one hundred and seven dollars and forty-six cents, and that the said Crane, defendant, "so absconds himself that he cannot be served with a summons," and that the defendant was a nonresident of the state; that he had assigned or disposed of or was about to assign or dispose of his property or rights in action wih intent to defraud his creditors. The defendant in the court below, the appellee here, was the only witness who testified as to the grounds of attachment. His testimony showed that he was an old man about seventy-six years old and practically an invalid; that a few years before the attachment suit was brought his home in Forest burned; that that he had not rebuilt the same because he was not financially able; that after his home burned, on the advice of his physician, he went to Louisiana and visited a son in one place and a daughter in another place, remaining away several weeks of that year; that in the year the attachment was sued out, on the advice of his

physician and in search of health, he remained away from Forest about six months visiting these same relatives of his; that he was only away temporarily; that his home was at Forest; that he was a resident and citizen and a voter of that town and county; that he was a Confederate soldier, and was drawing a pension in Scott county; that he was not away from home for the purpose of absconding or absenting himself or to put himself where he could not be served with the process of the courts of that county; that the only property owned by him was the lot upon which his residence had stood.

He further testified that he had had one or two inquiries with reference to selling the lot, and also some talk with a gentleman about building a house on the lot for him, thereby providing a home for himself and his wife. During the time that the appellee was absent from Forest, his wife, who was an invalid suffering with paralysis, remained in Forest all the time.

Upon this testimony the court correctly sustained the peremptory instruction asked by the appellee that the attachment was wrongfully sued out. The testimony beyond dispute shows that appellee was only away from home temporarily in search of health.

There was no testimony to sustain the verdict, however, for eighty dollars as actual damages in addition to the attorney's fee of thirty-five dollars. The only testimony relating to any actual damages was that of the appellee himself that he had had some inquiries to sell the lot, and also some conversation with a gentleman about building a house thereon, but that he was unable to do either, because of the suing out of the attachment and the levy on this lot. These damages were too remote and speculative upon which to base a recovery. The recovery of the attorney's fee, however, was correct.

The judgment of the lower court will be affirmed, provided the appellee will remit eighty dollars of the amount of the recovery; otherwise it will be reversed, and the cause remanded.

*Affirmed conditionally.*