# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00405-SCT

*ETHEL FRIERSON*

*v.*

*DELTA OUTDOOR, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/1999 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE, JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES L. GRAY |
| ATTORNEY FOR APPELLEE: | DAVID M. RATCLIFF |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 09/13/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/4/2001 |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Ethel Frierson appeals a judgment entered against her in favor of Delta Outdoor, Inc. resulting from a breach of contractual obligations. The matter was heard in the Chancery Court of Jones County which found that Frierson entered into a valid lease agreement with Delta Outdoor which she later materially breached. Damages were awarded in the amount of $139,000 to Delta Outdoor. Believing that this finding was unsupported by the evidence presented at trial, Frierson initiated this appeal alleging the following six errors:

> **I. WHETHER FRIERSON HAD THE MENTAL CAPACITY TO ENTER INTO A CONTRACT WITH DELTA OUTDOOR**
>
> **II. WHETHER FRIERSON AND DELTA OUTDOOR HAD A "MEETING OF THE MINDS" WITH REGARD TO ALL OF THE ESSENTIAL TERMS OF THE CONTRACT**
>
> **III. WHETHER FRIERSON RECEIVED SUFFICIENT CONSIDERATION UNDER THE CONTRACT**
>
> **IV. WHETHER FRIERSON, ASSUMING ARGUENDO A VALID CONTRACT EXISTED, HAD THE RIGHT TO RESCIND OR RELINQUISH HER CONTRACTUAL OBLIGATIONS TO DELTA OUTDOOR**

## V. WHETHER DELTA OUTDOOR, ASSUMING ARGUENDO A VALID CONTRACT EXISTED, SUFFICIENTLY PROVED ITS MEASURE OF DAMAGES

## VI. WHETHER JONES COUNTY WAS THE PROPER VENUE FOR THIS ACTION

¶2. We find that although a valid contract existed, the damages awarded were too speculative based upon the evidence presented at trial.

## FACTS

¶3. In the fall of 1997, Phil Wells, representing Delta Outdoor Inc., contacted Ethel Frierson and her daughter, Lyuna Craft, to lease a portion of Frierson's property along Interstate 59 to erect outdoor billboard structures to rent for advertising space. Wells knew Frierson and Craft through previous business dealings with them on behalf of his former employer, Headrick Outdoor, Inc. After some discussion with Frierson and Craft, Frierson signed a five-year lease allowing Delta Outdoor to erect certain structures associated with billboard advertising on her property. In return for access to this property, the lease stipulated that Delta Outdoor would pay Frierson $2600 per year. The lease agreement was signed on January 22, 1998, by the principals in this litigation and witnessed by Craft and Larry W. Frierson, Ethel's son.

¶4. At the time the lease was signed, Frierson was still under contract with Lamar Outdoor, Inc.,[1] with the effective date of Delta Outdoor's lease to begin on the day the structure was installed. Lamar Outdoor's lease expired in late April or early May of 1998, depending upon when Lamar Outdoor could successfully remove its billboard structure.

¶5. Between January 22, 1998 and sometime in April of 1998, Frierson decided to cancel her lease agreement and erect self-financed billboard structures on her property for the purpose of renting advertising space. Craft, acting on behalf of Frierson, revoked the permission given to the Mississippi Department of Transportation (MDOT) to issue a permit for Delta Outdoor's structure through a letter advising MDOT that Frierson was no longer involved in an active lease with Delta Outdoor. Delta Outdoor tried to tender one half of the agreed amount of the lease, but it was refused. Delta Outdoor initiated suit seeking specific performance or recover damages resulting from the breach of the lease contract.

## STANDARD OF REVIEW

¶6. When reviewing the decisions of a chancellor on appeal, we employ a limited standard of review. *Shirley v. Christian Episcopal Methodist Church,* 748 So.2d 672, 674 (Miss.1999). The findings of a chancellor will not be disturbed unless we find that the chancellor was manifestly wrong, clearly erroneous, or applied a wrong legal standard. *Id.* However, if the chancellor's findings are unsupported by substantial credible evidence, we must reverse. *Hammett v. Woods,* 602 So.2d 825, 827 (Miss.1992).

## LEGAL ANALYSIS

### I. WHETHER FRIERSON HAD THE MENTAL CAPACITY TO ENTER INTO A CONTRACT WITH DELTA OUTDOOR

¶7. Frierson alleges that she did not have the mental capacity to enter into a valid contract when she signed the lease with Delta Outdoor. It appears from the record that this is the first time this issue has been raised.

Frierson is procedurally precluded from raising the issue on appeal for the first time. ***Leverett v. State***, 197 So.2d 889, 890 (Miss.1967). This procedural tenet serves a sound purpose in everyday practice. Specific objections are required to avoid costly new trials and to allow the offering party an opportunity to obviate the objection. ***Id.; Sumrall Church of Lord Jesus Christ v. Johnson,*** 757 So.2d 311, 316 (Miss. Ct. App. 2000). Further, it is well known that the trial court will not be held in error unless it has had an opportunity to pass on the question. Additionally, Rule 9(a) of the Mississippi Rules of Civil Procedure specifically requires that pleading insufficient legal capacity be raised in the initial complaint. Frierson failed to plead this special matter.

¶8. Procedural bar notwithstanding, we address Frierson's claim. The law presumes a person sane and mentally capable to enter into a contract. ***Foster v. Wright,*** 240 Miss. 566, 572, 127 So. 2d 873, 876 (1961) (citing ***Hamilton Brothers Co. v. Narciese,*** 172 Miss. 24, 158 So. 467, 470 (1935)). The burden is upon the party seeking to avoid an instrument on the ground of insanity or mental incapacity to establish it by a preponderance of proof. ***Foster,*** 240 Miss. at 572, 127 So. 2d at 876. Frierson has utterly and completely failed to clear this relatively low threshold of proof. The record is devoid of a single iota of evidence related to the state of Frierson's mental capacity. Not one witness broached the topic. This issue is meritless.

## II. WHETHER FRIERSON AND DELTA OUTDOOR HAD A "MEETING OF THE MINDS" WITH REGARD TO ALL OF THE ESSENTIAL TERMS OF THE CONTRACT

¶9. Frierson believes that no meeting of the minds occurred with Delta Outdoor under the terms of the lease agreement with respect to payment of the agreed upon consideration. Frierson argues that she expected immediate payment of the first installment upon signing the lease and the remainder of the balance to be paid in monthly installments. The terms of the contract clearly indicate that the first annual payment is due when installation of the billboard structure is complete. This Court has consistently held that contracts should be interpreted according to their specific terms and conditions. ***Warwick v. Gautier Util. Dist.***, 738 So. 2d 212, 215 (Miss. 1999). Additionally, where language in a legal instrument is without gross ambiguity, neither parol testimony nor other extrinsic evidence are admissible to construe the meaning of the language. ***Cooper v. Crabb,*** 587 So.2d 236, 241 (Miss. 1991). Furthermore, the rule announced in ***Crabb*** is not merely a rule of evidence, but is one of substantive law. In measuring the rights of parties to a written contract which, on its face, is unambiguous and expresses an agreement complete in all of its essential terms, the writing will control. ***Sec. Mut. Fin. Corp. v. Willis,*** 439 So.2d 1278, 1281 (Miss. 1983). We have clear and unambiguous language in the contract before us today that definitively set annual payments when the billboard structure was completed. Frierson had no reason to expect otherwise. There is no error here.

## III. WHETHER FRIERSON RECEIVED SUFFICIENT CONSIDERATION UNDER THE CONTRACT

¶10. Frierson asserts that because no money changed hands immediately upon signing the lease, she had the right to rescind her offer to lease her property at any time because Delta Outdoor failed to tender sufficient consideration. This is a most distorted view of the law. All that is needed to constitute valid consideration to support a contract is a benefit to the promisor or a detriment to the promisee. ***American Olean Tile Co. v. Morton,*** 247 Miss. 886, 893, 157 So. 2d 788, 790 (1963). Frierson promised to allow Delta Outdoor

to use her land, and Delta Outdoor promised to compensate her financially for this service. Without question, sufficient consideration existed to form a contract.

¶11. Wells, acting on behalf of Delta Outdoor, testified that he attempted to pay Frierson a portion of the amount due under the contract, but was turned away. Frierson and Craft each testified that they could not remember Wells ever attempting to tender a check for payment of the contract price, but in any event, if they refused acceptance of the check, the tender of consideration was insufficient. Strict tender is not necessary under circumstances where the party to whom performance is due refuses to perform on his part, or imposes a request which he has no right to make. ***Star Chevrolet Co. v. Green by Green,*** 473 So. 2d 157, 162 (Miss. 1985). Wells attempted to tender the agreed upon consideration and was refused. Frierson cannot now say that Wells's failure to tender the consideration invalidates the contract.

### IV. WHETHER FRIERSON, ASSUMING ARGUENDO A VALID CONTRACT EXISTED, HAD THE RIGHT TO RESCIND OR RELINQUISH HER CONTRACTUAL OBLIGATIONS TO DELTA OUTDOOR

¶12. Frierson now argues that she had the right to rescind her contractual obligations because of a material breach committed by Delta Outdoor. The alleged material breach is Delta Outdoor's failure to timely tender the annual lease payment. This assignment of error is identical to Issue III and is thoroughly addressed above.

### V. WHETHER DELTA OUTDOOR, ASSUMING ARGUENDO A VALID CONTRACT EXISTED, SUFFICIENTLY PROVED ITS MEASURE OF DAMAGES

*A) Monetary Damages*

¶13. Frierson alleges that Delta Outdoor failed to offer sufficient proof of the damages it suffered as a result of any alleged breach. On this point, we agree. The standard appropriate for the measure of contract damages was reaffirmed in ***Theobald v. Nosser,*** 752 So.2d 1036, 1042 (Miss. 1999), when we held that

> [t]he court's purpose in establishing a measure of damages for breach of contract is to put the injured party in the position where she would have been but for the breach. Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of the bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed.

(citations omitted). Specific performance has traditionally been regarded a remedy for breach of contract that is not a matter of right but of sound judicial discretion. ***Osborne v. Bullins,*** 549 So.2d 1337, 1339 (Miss. 1989). Judicial discretion notwithstanding, where a contracting party can feasiblly be given what he bargained for, specific performance is the preferred remedy. ***Id.***

¶14. However, when the focus is a monetary remedy, that remedy must be such that the breaching party is not charged beyond the trouble his default caused. ***Wall v. Swilley,*** 562 So. 2d 1252, 1256 (Miss. 1990). The law limits speculation and conjecture and imposes duties of mitigation to the injured party. ***Id.*** Specifically, damages may only be recovered when the evidence presented at trial "removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty." ***Id.***

¶15. In *Turner v. Crane*, 115 Miss. 134, 75 So. 945 (1917), this Court reversed an award of damages to a landowner for a loss of a sale of parcel of land. We held that because the injured party was the only person to testify regarding damages and his testimony asserted that he could have sold the lot but was unable to do so because of the pending lawsuit. This proof alone was too remote and speculative upon which to base a recovery. In *Mississippi Power Co. v. Harrison*, 247 Miss. 400, 429, 152 So. 2d 892, 906 (1963), we reversed an award of damages because the jury had no estimate as to the value of the property involved before and after the loss other than the estimate of a contractor who based his information solely upon facts gleaned from conversations with the party seeking recovery. In sum, we will not allow the only basis for an award of damages to be the injured party's estimate of the extent to which he was injured. It is too speculative and amounts to reversible error.

¶16. This Court has recognized many different approaches to establishing value including, but not limited to use of comparative sales, costs, income streams, and a combination of these and various other methods. *Swilley,* 562 So. 2d at 1257. Any of these methods would be preferred here over Wells's testimony that he could have rented all of the available space at a certain amount per month for the entire duration of the lease, essentially earning $139,000. Craft testified that they encountered problems renting several spaces at a lower rate than Wells testified he would charge. This is insufficient proof to support an award of $139,000.

### B) Specific Performance

¶17. On remand, we note the aforementioned preference for specific performance. Although the chancellor found specific performance inapplicable, we believe this position should be reexamined. While Frierson certainly owes monetary damages for the months Delta Outdoor has been without use of the structure, the trial judge should consider other options. Delta Outdoor could rent the billboard space currently available to mitigate a portion of its damages or make improvements to the existing structure or remove it, insert its own, and rent the space for the balance of the time remaining under the lease.

## VI. WHETHER JONES COUNTY WAS THE PROPER VENUE FOR THIS ACTION

¶18. Lastly, Frierson believes that the case should have been tried in Pearl River County, where Frierson and her property can be found. Paragraph seventeen of the contract provides that "any claims arising out of or under this agreement shall be filed and maintained in a court located in Jones County . . . [and] Lessor hereby waives any objection with regard to venue . . ." We have held that parties may waive their assertion of proper venue. *Lowery v. Will of Smith,* 543 So.2d 1155, 1158-59 (Miss.1989). Recently, this Court noted that forum selection clauses in contracts are legal and enforceable in this state. *Tel-Com Management, Inc. v. Waveland Resort Inns, Inc.,* 782 So.2d 149, 153 (Miss. 2001). Again, the language of the contract speaks for itself. On remand, venue is proper in the Chancery Court of Jones County.

## CONCLUSION

¶19. We find that Frierson entered into a valid contract with Delta Outdoor to lease her property. She breached her contract and is therefore liable for damages. However, the damages awarded at trial were too speculative and the evidence insufficient to be relied upon as proof for said damages. We affirm the chancellor's finding of a valid contract, but reverse the award of damages and remand the matter for a hearing on damages.

¶20. **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

**PITTMAN, C.J., MILLS AND EASLEY, JJ., CONCUR. COBB, J., CONCURS IN PART. WALLER, J., CONCURS IN RESULT ONLY. BANKS, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, J. COBB, J., JOINS IN PART. SMITH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J.**

**BANKS, PRESIDING JUSTICE, CONCURRING:**

¶21. I concur with the result reached by the majority. I write separately because I disagree in some respects with its treatment of the damages issue.

¶22. Specifically, I disagree with the suggestion that damages may not be based solely upon the testimony provided by the party claiming to be damaged. It is my view that, to the extent that the testimony is reasonable, it may be accepted. *Nichols v. Stacks*, 485 So.2d 1034, 1038 (Miss. 1986). *See also Thomas v. Global Boat Builders & Repairmen, Inc*., 482 So. 2d 1112 (Miss. 1986); *Cain v. Mid-South Pump Co.*, 458 So.2d 1048 (Miss. 1984); *Bryan Bros. Packing Co. v*. *Grubbs*, 251 Miss. 52, 168 So.2d 289 (1964); *Brown & Root, Inc. v. Continental Southern Lines, Inc.,* 228 Miss. 15, 87 So.2d 257 (1956); *National Fire Ins. Co. of Hartford v. Slayden,* 228 Miss. 285, 85 So.2d 916 (1956). Additionally, specific performance is impossible in a land lease where the term of the lease has already partially expired. A lease can be given for a similar term but market conditions may not be replicated.

¶23. On the other hand, the award of $139,000 in this case represents not only past but future damages. The proposed five-year term expires in 2003. There is no showing that mitigation of any kind, including partial specific performance, was considered. Under the circumstances, I agree that it is appropriate that the issue of damages be revisited.

**WALLER, J., JOINS THIS OPINION. COBB, J., JOINS IN PART.**

**SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶24. While I agree with the affirmance on the breach of contract liability and venue issues, I disagree with the majority's conclusion that Delta Outdoor failed to offer sufficient proof of the damages suffered as a result of Frierson's breach. The majority concludes that the award of damages based on Wells's estimate as to the extent Delta Outdoor was injured was too speculative and amounts to reversible error. In my view, Delta Outdoor presented evidence at trial sufficient to prove monetary damages to a reasonable certainty. The judgment of the chancery court should be affirmed in its entirety.

¶25. Wells did more than speculate as to the damages incurred by Delta Outdoor. Rather, Wells testified that at the time of the breach, Delta Outdoor had already entered two rental contracts for one of the faces of the structure on I-59 North. The renting parties were planning to split one billboard face for a total of $700 per month for twenty-four months. Wells testified that based on his experience in the area, he would have been able to easily rent the other faces of the structure. Using these figures, Wells calculated the gross income from the structures, subtracted out the structure cost and the land rent, and arrived at the net profit lost. This Court has stated:

Under our jurisprudence, the rule as to uncertain or speculative damages does not apply to uncertainty as to the amount of the profits which would have been derived, but to uncertainties or speculation as to whether (1) the loss of profits was the result of the wrong, and (2) whether any such profits would have been derived at all. A party who has broken his contract cannot escape liability because of the difficulty in finding a perfect measure of damages. It is enough that the evidence furnishes sufficient data for an approximate estimate of the amount of the damages.

*Mississippi Power & Light Co. v. Pitts*, 181 Miss. 344, 179 So. 363, 366 (1938). In my view, the evidence offered by Wells was sufficient data on which to base the damage award. I would affirm the judgment of the chancery court.

**McRAE, P.J. JOINS THIS OPINION.**

1. At some point during the term of Frierson's previous lease, Headrick Outdoor was purchased by Lamar Outdoor and thus all contractual obligations negotiated with Headrick were transferrable and applicable to its new owner.