820 So.2d 739 (2002)
George A. COLE, Appellant,
v.
METHODIST MEDICAL CENTER, Appellee.
No. 2000-CA-01233-COA.
Court of Appeals of Mississippi.
June 18, 2002.
*740 Kenneth K. Crites, Jackson, attorney for appellant.
Heber S. Simmons, III, C. York Craig, III, Tina Lorraine Nicholson, Jackson, attorneys for appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
KING, P.J., for the court.
¶ 1. George A. Cole filed a lawsuit in the First Judicial District of Hinds County Circuit Court against Methodist Medical Center (Methodist) on July 9, 1998, requesting damages for injuries he alleged to have been caused by Methodist's negligent acts and omissions. Methodist filed its response and a motion for summary judgment. The trial court granted Methodist's motion. Aggrieved, Mr. Cole appeals and cites the following issues as error:
I. May a default judgment be entered against a party on summary judgment solely for failure to respond?
II. Assuming arguendo that the court could enter a default judgment, would such a judgment be appropriate in the case at bar?

FACTS
¶ 2. On September 2, 1998, Mr. Cole filed an amended complaint (which changed only the name of the defendant from Methodist Medical Center to Methodist Healthcare-Jackson Hospitals) against Methodist. Cole alleged that Methodist failed to monitor his needs while in the hospital on August 31, 1996. Cole alleged that the lock on the bathroom door was defective. His complaint alleged that because the door was not secure and he did not receive the assistance of hospital personnel, he "fell injuring the right side of his chest and right shoulder."
¶ 3. The record reflects the following chronology of events:
07/09/98: complaint filed against Methodist
08/13/98: Methodist filed its answer and defenses
09/02/98: Cole filed an amended complaint
09/30/98: Methodist filed its answer to amended
 complaint
*741
02/11/99: scheduling order entered
06/28/99: Methodist filed a motion for summary
 judgment
06/28/99: Methodist filed affidavit of Jim Baxter,
 Director of Plant Operations of Central
 Mississippi Medical Center in support
 of the motion for summary judgment
06/28/99: Methodist sent a letter to Cole advising
 that the hearing date on the motion for
 summary judgment had been set for
 September 7, 1999 at 9:00 a.m.
07/01/99: notice of setting on motion for summary
 judgment for September 7, 1999.
07/13/99: Cole by letter to Methodist requested
 thirty-day extension in which to respond
 to motion for summary judgment
07/15/99: Methodist by letter to Cole agreed to
 extension until August 1, 1999 to respond
 to motion for summary judgment
08/02/99: phone call requesting a further extension
 until August 6, 1999
08/03/99: Methodist by letter to Cole agreed to an
 extension until August 6, 1999 regarding
 the response to the motion for
 summary judgment
09/09/99: Methodist granted summary judgment
09/22/99: Cole filed a motion to vacate summary
 judgment
10/08/99: Methodist filed a response to the motion
 to vacate
11/04/99: Methodist wrote Cole and questioned
 that he either secure a hearing date for
 his motion to vacate or abandon the
 motion
01/11/00: Methodist again wrote Cole to request
 that the motion to vacate be set for
 hearing or abandoned
03/01/00: Cole's attorney by letter to trial judge
 advised that he had obtained a job out-of-state
 and needed to withdraw from
 the case. He gave the name of the
 attorney who would continue representation
 of Cole.
03/10/00: order granting motion of Cole's attorney
 to withdraw
03/17/00: Methodist filed a motion to confirm order
 of dismissal
05/24/00: letter to trial judge from Cole's "former
 attorney" and an accompanying affidavit
 stating that he received neither defendant's
 request for admissions nor a
 notice of the hearing on defendant's
 motion for summary judgment
05/30/00: Cole responds to Methodist's motion to
 confirm order of dismissal
06/26/00: order granting the motion to confirm an
 order of dismissal

ISSUES AND ANALYSIS

I.

May a default judgment be entered against a party on summary judgment solely for failure to respond?
¶ 4. Cole contends that summary judgment should not be granted where it is based solely upon the failure to respond to a motion for summary judgment sought pursuant to rule 56(c) of the M.R.C.P.[1] Cole maintains that the trial court should have, but failed to consider the factual basis for the motion. He states that the order entered in this action does not reflect that the court made any factual inquiry or analysis as to the merits of this case but, granted a default judgment[2] based on *742 his failure to respond. When asked to review a trial court's grant of summary judgment, this Court employs the following standard:
The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. We do not try issues. Rather, we only determine whether there are issues to be tried. Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. The focal point of our de novo review is on material facts ....
Dailey v. Methodist Med. Ctr., 790 So.2d 903 (¶ 3) (Miss.Ct.App.2001) (citations omitted).
¶ 5. While there is no transcription of any argument regarding the motion for summary judgment, this Court has reviewed what limited information has been provided to it. This information includes copies of the pleadings, responses to the pleadings, the motion for summary judgment, and the order granting the summary judgment.
¶ 6. Cole suggests that a genuine issue of fact exists as to whether or not Methodist provided adequate assistance and monitoring while he was a patient at the hospital. He argues this issue of fact precluded summary judgment.
¶ 7. A trial court must deny a summary judgment motion, even if the nonmoving party makes no response whatsoever, so long as all the data before the court, including "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, raises a triable issue concerning a disputed material fact. Foster v. Noel, 715 So.2d 174(¶ 36) (Miss.1998). The determining factor involved in granting a summary judgment is whether or not there is a "genuine issue as to any material fact." George County By and Through Bd. of Sup'rs v. Davis, 721 So.2d 1101(¶ 13) (Miss.1998).
¶ 8. Cole's claim is one of negligence. The elements of proof required for a negligence claim include duty, breach of duty, proximate cause and damages. Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990). Cole has failed to provide evidence to establish negligence as a genuine issue of material fact in response to the motion for summary judgment and that the trial court erred in *743 granting summary judgment. Our review of the information provided to this Court reveals that Cole failed to raise any genuine issue of material fact regarding the motion for summary judgment. Therefore, we affirm the trial court's decision.

II.

Assuming arguendo that the court could enter a default judgment, would such a judgment be appropriate in the case at bar?
¶ 9. Our finding on issue I renders moot this matter.
¶ 10. THE JUDGMENT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] M.R.C.P. RULE 56-SUMMARY JUDGMENT: (c) Motion and Proceedings Thereon. The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages ...
[2] M.R.C.P. RULE 55(a)(b)-DEFAULT: (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or other-wise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default. (b) Judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice. If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing with or without a jury, in the court's discretion, or order such references as it deems necessary and proper.