829 So.2d 1278 (2002)
Lamar BAILEY, Appellant,
v.
WHEATLEY ESTATES CORPORATION, Appellee.
No. 2001-CP-01303-COA.
Court of Appeals of Mississippi.
November 5, 2002.
*1279 Lamar Bailey, (Pro Se), attorney for appellant.
Robert R. Stephenson, Southaven, Reeve G. Jacobus, Jackson, attorneys for appellee.
Before THOMAS, IRVING and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Lamar Bailey filed suit against Wheatley Estates Corporation in Madison County Circuit Court, Honorable Samac Richardson presiding. Bailey appeals the granting of summary judgment in favor of Wheatley Estates asserting the following issue:

1. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT.

STATEMENT OF FACTS
¶ 2. Bailey and Wheatley Estates are adjoining landowners in Madison County. Bailey owns a house on his land. Wheatley Estates is an association that owns condominiums on its land. Wheatley Estates's land is at a higher elevation than Bailey's. The land slopes from Wheatley Estates's land to Bailey's. Wheatley Estates owns and maintains the sewer system located under the condominium property.
¶ 3. Bailey filed his complaint on October 4, 1999. The complaint was insufficient. Bailey filed his amended complaint on November 16 alleging that Wheatley Estates negligently allowed rainwater and raw sewage to run onto Bailey's property. Bailey alleged that damage was done to the structural integrity of the house from the water run off and that health and other problems arose from the presence of the sewage. On December 15, Wheatley Estates filed its answer denying the allegations that it had been negligent, although admitting that there had been a sewage clog which was remedied by Wheatley Estates.
¶ 4. Bailey was initially represented by counsel. On March 3, 2000, Bailey's counsel was granted leave to withdraw. An agreed order setting a trial date was entered on April 18. The trial date was set for June 14, 2000. The trial was later rescheduled to May 7, 2001. The continuance was to allow Bailey time to secure counsel, although Bailey has chosen to appear pro se for the remainder of the litigation,[1] and time to complete discovery.
¶ 5. On March 30, 2001, Wheatley Estates filed a motion for summary judgment. Wheatley Estates attached to the motion an engineering report that the damage to Bailey's house was caused by fungus growth due to moisture being trapped under the structure. The engineer attributed the moisture to a lack of *1280 adequate ventilation and to water leaking from a bathroom faucet. The engineer's report did not show any sewage leakage. On April 2, Wheatley Estates filed a brief in support of its motion for summary judgment. In the brief, Wheatley Estates argued that Bailey has failed to produce experts necessary to show causation and damages. On April 23, Bailey filed a response to the motion for summary judgment. Bailey attached the following: (1) an affidavit from himself, which was not notarized; (2) a letter from a Mississippi Department of Environmental Quality (MDEQ) engineer concerning a sewage leakage; (3) a letter from Colvin Mann, an engineer, stating that a preliminary investigation was made and that there was some damage to the house and that water did run off from Wheatley Estates's property but that further tests and surveys were needed to link the damage to Wheatley Estates; and (4) part of the deposition of the MDEQ engineer who investigated the sewage leak.
¶ 6. A hearing on the motion for summary judgment was held on April 23, 2001. The trial court did not rule on the motion. The trial judge provided Bailey with an extension of time to file proper opposing affidavits. On April 27, Bailey filed the following affidavits from: (1) a former owner of the house, recounting similar occurrences; (2) a former tenant, recounting similar occurrences; (3) Colvin Mann, reiterating his theory and the need for more testing to be able to base a foundation for his opinion; and (4) the MDEQ engineer, recounting his investigation of the sewage clog.
¶ 7. Bailey originally identified several expert witnesses but never properly designated an expert nor responded fully to Wheatley Estates's requests for discovery. Bailey's damages expert disappeared prior to trial and has yet to be located. Ten days before trial, Bailey notified Wheatley Estates of another expert he planned to use at trial on the issue of damages. The expert was to replace the one that Bailey had originally identified but was currently no where to be found. Wheatley Estates deposed the expert five days before trial at great expense only to discover the expert had not yet concluded his investigation as to damages.
¶ 8. On May 7, 2001, both Bailey and Wheatley Estates appeared for trial. The trial court heard arguments on several motions in limine filed by Wheatley Estates. The motions in limine were filed because Bailey's damages expert had not concluded his investigation nor had Bailey's causation expert begun an investigation, other than a precursory walk-through inspection. The trial court determined that none of Bailey's experts had conducted the necessary examinations needed to provide their respective opinions. The trial judge did not rule on the motions in limine, but granted summary judgment in favor of Wheatley Estates based upon Bailey's failure to substantiate his claim by his submitted evidence. On May 17, Bailey filed an untimely objection to the motion for summary judgment. The judgment was signed on May 21, 2001, and filed on May 23. The delay was due to Bailey's refusal to agree to the form of the summary judgment sent by Wheatley Estates to Bailey.
¶ 9. On June 1 and 4, 2001, Bailey filed motions for extension of time. The motions did not state what time period Bailey was asking for an extension of but the request was based upon late receipt of the notification of entry of summary judgment. On June 7, an objection and response to the motions to extend time were filed by Wheatley Estates. On June 29, the trial court held a hearing on the motions. It was determined that Bailey was seeking an enlargement of the time period in which to file a motion for the trial court to reconsider *1281 the summary judgment. On July 2, 2001, Bailey filed his notice of appeal. On July 5, 2001, the trial judge signed the order denying Bailey's request.
¶ 10. In his brief, Bailey gave this Court very few facts to facilitate an understanding of his argument. As for his legal argument, Bailey only gave quotations of law dealing with a wide range of topics from summary judgment to the exclusion of witnesses. Bailey also made confusing references to discovery and his denied motion to extend time. Bailey did not present those as issues, but rather made remarks to them throughout his brief. Such an argument is confusing and put Wheatley Estates at a disadvantage as it had to address all potential issues in its reply brief.
¶ 11. Bailey has chosen to make the practice of law his hobby. A pro se litigant shall be held to the same standard as an attorney. Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). This Court will not give deference to a person who chooses to represent himself. As such, this Court only addresses the issue of summary judgment.

LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT.
¶ 12. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. George County By and Through Bd. of Sup'rs v. Davis, 721 So.2d 1101, 1105(¶ 13) (Miss.1998); Crain v. Cleveland Lodge 1532, 641 So.2d 1186, 1188 (Miss.1994). Rule 56(c) of the Mississippi Rules of Civil Procedure provides:
The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
M.R.C.P. 56(c).
¶ 13. If the trial court finds that the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. Otherwise, the trial court should deny summary judgment. Martin v. Flanagan, 818 So.2d 1124, 1126 (¶ 7) (Miss.2002); Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992). The movant has the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Martin, 818 So.2d at 1126(¶ 7); Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). That is, the non-movant should be given the benefit of the doubt. Williamson v. Keith, 786 So.2d 390, 393(¶ 10) (Miss.2001); Heigle v. Heigle, 771 So.2d 341, 345(¶ 8) (Miss.2000); McCullough v. Cook, 679 So.2d 627, 630 (Miss.1996).
¶ 14. The Mississippi Supreme Court explained the requirements for the entry of summary judgment in Galloway v. Travelers Ins. Co.:
In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" *1282 because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987) (citations omitted).
¶ 15. In determining whether a trial court properly granted summary judgment, this Court employs the same rule as the Mississippi Supreme Court as explained in Palmer v. Anderson Infirmary Benev. Ass'n:
In our de novo review, this Court looks to see if the moving party has demonstrated that no genuine issue of fact exists. A motion for summary judgment should be overruled unless the trial court finds, beyond a reasonable doubt, that the plaintiff would be unable to prove any facts to support his claim. The lower court is prohibited from trying the issue; it may only determine whether there are issues to be tried.
Palmer v. Anderson Infirmary Benev. Ass'n, 656 So.2d 790, 795 (Miss.1995) (citations omitted).
¶ 16. This Court conducts a de novo review of the record to determine whether the trial court properly granted a motion for summary judgment. Martin, 818 So.2d at 1126(¶ 7); Seymour v. Brunswick Corp., 655 So.2d 892, 894-95 (Miss. 1995); Pace v. Financial Sec. Life of Miss., 608 So.2d 1135, 1138 (Miss.1992); Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906(¶ 3) (Miss.Ct.App.2001). The evidence, consisting of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, must be viewed in a light most favorable against whom the motion has been made. Foster v. Noel, 715 So.2d 174, 180-81(¶ 36) (Miss.1998); Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss.1993); Cole v. Methodist Med. Ctr., 820 So.2d 739, 742(¶ 7) (Miss.Ct.App. 2002); Dailey, 790 So.2d at 907(¶ 3).
¶ 17. This Court does not favor summary judgment. It is a powerful tool that should be used sparingly by the trial judge. Cannon v. Mid-South X-Ray Co., 738 So.2d 274, 275(¶ 8) (Miss.Ct.App.1999). There are times though, as in the case sub judice, that it is proper. Bailey's claim is one based upon the theory of negligence. The elements of proof required for a negligence claim include duty, breach of duty, proximate cause and damages. Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990).
¶ 18. Bailey was given ample opportunity to present the trial judge with evidence of a triable case. His repeated failures to substantiate his claim with supporting evidence justified the summary judgment. Bailey's causation expert suggested that there be more tests done to determine if water from Wheatley Estates's land caused the damage to Bailey's house. Bailey never had the expert return to complete the suggested tests. Bailey also had no expert ready to testify as to damages allegedly caused by the water run off. The damages expert was never deposed before he disappeared. Bailey's substitute damages expert had not reached a conclusion five days before trial. After reviewing the available evidence, this Court agrees that summary judgment as to the water run off was appropriate.
¶ 19. The summary judgment was also appropriate as to the sewage backup. Bailey tried to use the MDEQ engineer as a free expert to show some negligence of Wheatley Estates in their ownership and maintenance of the sewage system. The former owner and the former tenant swore in their affidavits that there had been previous flooding problems and that there had been sewage problems, although specific dates and number of happenings were lacking. Without an expert to testify as to causation or damages, the affidavits of the former owner and the former tenant were *1283 just notarized hearsay. This Court reviewed the available evidence and agrees that summary judgment as to the sewage clog was correct.

CONCLUSION
¶ 20. While there probably was water drainage from Wheatley Estates's land onto Bailey's land, Bailey was unable to produce any evidence that Wheatley Estates had diverted the water negligently. There was a sewage backup. Wheatley Estates admits that it occurred. Bailey did not produce any evidence that the backup was caused by any negligence on the part of Wheatley Estates nor were there any damages. If there is no showing of causation or damages in a negligence action, the trial judge should grant a motion for summary judgment. The trial court's decision is affirmed.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND KING, P.J., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.
NOTES
[1] Bailey's counsel that withdrew reappeared with Bailey on May 7, 2001.