ISHEE, J„
for the Court:
¶ 1. In 2011, Sharleen Norwood was terminated from her employment at Rehabilitation Centers Inc. (the Center) in Magee, Mississippi, for sleeping while at work. After her request for unemployment benefits was denied, she appealed her termination and the denial of unemployment benefits to the Mississippi Department of Employment Security (MDES). After a hearing, MDES upheld her termination and the denial of unemployment benefits. Norwood then appealed MDES’s decision to the Jefferson Davis County Circuit Court. The circuit court affirmed MDES’s decision, and Norwood now appeals. Because Norwood has failed to assert a claim for relief or to cite legal authority for her appeal, we are precluded from reviewing the case. Accordingly, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Norwood was employed with the Center from January 2008 until January 2011. Norwood served as a caregiver for mentally retarded children needing constant supervision. The Center’s employee handbook listed sleeping while at work as a ground for immediate termination. Nor-wood was aware of this policy but was found with her head down on a table and her eyes closed while she was supposed to be supervising residents. After being questioned about the incident, Norwood wrote a statement admitting she had “dozed off.”
¶ 3. She was immediately terminated. After her request for unemployment benefits was denied, she appealed her termination and the denial of unemployment benefits to MDES. MDES held a hearing on the matter and affirmed the termination and the denial of benefits. Aggrieved, Norwood appealed MDES’s decision to the circuit court, which upheld MDES’s decision. She now appeals the circuit court’s judgment.
DISCUSSION
¶4. We must first note that Nor-wood fails to raise any appealable issues or cite any authority in her appellate brief. Norwood’s brief reads, in full: “I [Sjhar-leen [Njorwood hereby don’t have anything more to add A[sic] this time other *410 then [sic] I need my ben[e]fits[.]” Likewise, in her brief to the circuit court, Nor-wood submitted a one-and-a-half-page hand-written statement reiterating that because she was not fully asleep she should not have been terminated.
¶ 5. We have yet to find in the record an instance where Norwood stated any actual assignment of error or cited any authority for her position. Mississippi Rule of Appellate Procedure 28(a)(6) requires an appellant’s brief to “contain the contentions of [the] appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” Likewise, Mississippi case law has consistently held that “[fjailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment.” Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶ 4) (Miss.Ct.App.2005) (citation omitted).
¶ 6. We acknowledge that Norwood has appealed this matter pro se. Nonetheless, the Mississippi Supreme Court has repeatedly stated that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Forrest v. McCoy, 996 So.2d 158, 160 (¶ 7) (Miss.Ct.App.2008) (citations omitted). Due to Norwood’s complete failure to raise any appealable issue or cite a single authority of law, we decline to address the merits of this appeal.
¶ 7. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ, CONCUR.