# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00042-COA

IN THE MATTER OF THE ESTATE OF FRED
DAVID FORREST, SR., DECEASED: DIANE
FORREST

**APPELLANT**

v.

FRED DAVID FORREST, JR., JOHN EDWARD
FORREST, ERIC CLAYTON FORREST AND
TIMOTHY DANIEL FORREST

**APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2014 |
| TRIAL JUDGE: | HON. GEORGE WARD |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DIANE FORREST (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JOHN EDWARD FORREST (PRO SE) |
| | ERIC CLAYTON FORREST (PRO SE) |
| | TIMOTHY DANIEL FORREST (PRO SE) |
| | FRED DAVID FORREST JR. (PRO SE) |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | DIVIDED ESTATE ASSETS |
| DISPOSITION: | AFFIRMED - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     Diane Forrest appeals pro se challenging an order issued by the Adams County Chancery Court regarding the closing of her late husband's estate. Due to Diane's failure to cite any authority in her appeal, we are faced with a procedural bar. Therefore, we affirm the chancery court's order.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    Fred Forrest and Diane were married on July 1, 1995.  Fred had been married twice before and had four sons: Fred Forrest Jr.; John Forrest; Eric Forrest; and Timothy Forrest (collectively "Fred's sons").  During his marriage to Diane, Fred was employed as a service technician with Coca-Cola Inc.  On December 19, 1995, he sustained a work-related injury, which led to paralysis.  His injury caused him to lose his job in January 1997, and he died unexpectedly from sepsis on November 10, 2010.  At the time of his death, Fred owned a home and an empty lot with his wife, a handicap-accessible van, and limited personal property.  In addition, prior to his death, Fred had settled a claim with the Workers' Compensation Commission in the amount of $30,000.  From that $30,000, legal fees were paid in the amount of $5,000, leaving a balance of $25,000, which is currently in a client-trust account with attorney William Carl McGehee.

¶3.    Following Fred's death, there was a disagreement between Diane and Fred's sons regarding the distribution of Fred's assets.  Specifically, Fred's sons were angry that Diane sold Fred's van and did not include that money as part of the estate.  Diane, on the other hand, thought she was entitled to be reimbursed for various expenses that she had paid.  Diane filed a petition to close the estate, and a hearing was held in the chancery court on December 18, 2013.

¶4.    After hearing from all parties, the chancellor had a discussion in his chambers off the record with all parties present.  Upon returning to the courtroom, the chancellor announced that the parties had reached an agreement.  The agreement allowed for Fred's sons to split Fred's $25,000 settlement, and from that money they were to pay for Fred's headstone and

2

attorney's fees. Diane, on the other hand, was allowed to keep the money she received from the sale of Fred's van. In addition, the chancellor stated that, as part of the agreement, Fred's sons would not pursue any further claim against Diane for the sale of the vehicle, and Diane would not pursue any further claim for reimbursement of previous expenses.

¶5. After reading the agreement into the record, the chancellor asked the parties if they understood and assented to the agreement as dictated into the record. All parties responded affirmatively. Diane then filed this appeal.

## DISCUSSION

### I. Motion to Strike Reply Brief

¶6. We first address Fred's sons' pending pro se letter/motion to strike Diane's reply brief because it was filed beyond the fourteen days set forth in Mississippi Rule of Appellate Procedure 31. In addition, Fred's sons complain that Diane's reply brief cites to matters outside of the record. This Court originally considered the motion on October 10, 2014, and decided it should be considered with the merits of the appeal. Given our ultimate affirmation of the chancery court's ruling, Fred's sons' motion is hereby dismissed as moot.

### II. Failure to Cite Authority

¶7. Diane filed her appellant's brief pro se. In her brief, Diane failed to cite any authority in support of her claims. Pursuant to Mississippi Rule of Appellate Procedure 28(a)(6), an appellant's brief must "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." It is well settled under Mississippi caselaw that "failure to cite

3

any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." *Norwood v. Miss. Dep't of Emp't Sec.*, 105 So. 3d 408, 410 (¶5) (Miss. Ct. App. 2012) (citation omitted).

¶8.     Although Diane has chosen to appeal this matter without the assistance of counsel, the Mississippi Supreme Court has consistently held that "[a] pro se litigant shall be held to the same standard as an attorney." *Bailey v. Wheatley Estates Corp.*, 829 So. 2d 1278, 1281 (¶11) (Miss. Ct. App. 2002).  As such, we decline to address Diane's assignments of error because she failed to cite any authority in her briefs.

¶9.     **THIS APPEAL IS DISMISSED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**