## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00538-COA

**NGOC MAI NGUYEN**                                                                 **APPELLANT**

**v.**

**ELVIS BUI**                                                                             **APPELLEE**

DATE OF JUDGMENT:              05/18/2021
TRIAL JUDGE:                    HON. JOSEPH N. STUDDARD
COURT FROM WHICH APPEALED:      LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         NGOC MAI NGUYEN (PRO SE)
ATTORNEY FOR APPELLEE:          WILLIAM THOMAS COOPER
NATURE OF THE CASE:             CIVIL - REAL PROPERTY
DISPOSITION:                    AFFIRMED - 09/06/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     This is an appeal from a Lowndes County Chancery Court judgment mandating specific performance of a real estate contract. The seller, Ngoc Mai Nguyen, appeals the court's judgment requiring her to proceed with the sale of her commercial property. Because we find that Nguyen's arguments do not raise issues of reversible error, lack citation to supporting legal authority, and are beyond the scope of appellate review, we affirm the chancery court's final judgment.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2.     Nguyen is the owner of commercial property located at 703 Highway 45 North, Columbus, Mississippi (subject property). On August 26, 2019, Nguyen and Elvis Bui signed

a written agreement pertaining to the subject property. The written agreement consisted of two different and distinct forms, but the parties executed each form in connection with the other as one combined contractual document (sale contract). One form provided terms for the sale and purchase of real estate, and the other form listed terms for a commercial lease agreement.

¶3.     The portion regarding the purchase of real estate outlined specific terms and conditions that were required of Bui in order for him to purchase the subject property from Nguyen. According to the terms stipulated in the contract that are relevant to this appeal, the parties agreed that the sale price would be $175,000 and be payable by a cash sale or bank financing; the "closing costs" would be split equally between Nguyen and Bui; the sale was required to close on or before November 30, 2020; and Bui would tender a check for $10,000 as earnest money. Under the terms written in the lease-agreement portion, Bui would lease the subject property for fifteen months, beginning on September 1, 2019, and expiring on November 30, 2020.

¶4.     A blank page at the end of the entirety of the sale contract contained terms Nguyen added by hand. The additional terms included in the sale contract, in essence, incorporated the terms of the real estate sale into the terms of the lease agreement. The handwritten terms stated the following: Bui had the duration of the rental period (one year and three months) to purchase the subject property; Bui would lose his $10,000 earnest money if he did not proceed with purchasing the property within that time period; the sale price was $175,000;

2

the sale would be for the property in as-is condition with no warranty; and both parties would split the closing costs equally.

¶5.     Pursuant to the terms of the contract, Bui deposited a $10,000 payment to Nguyen toward the purchase of the subject property.[1] Bui secured financing through BancorpSouth to purchase the subject property, and BancorpSouth then retained the services of Attorney Jack Hayes to conduct the real estate closing and property sale transaction. A real estate closing appointment for Bui to complete the purchase of the subject property was originally scheduled for 3:00 p.m. on November 6, 2020. But after the parties failed to convene at the same place, they communicated and rescheduled the closing appointment for November 9, 2020, at 10:00 a.m. at Hayes's law office.

¶6.     Of note, at 3:41 p.m. on November 6, 2020, once the parties had corresponded to reschedule, the closing coordinator from Hayes's law office, Robin Tate, sent Nguyen an email supplying her with the closing documents to review. Nguyen responded to Tate's email at 7:18 p.m. and inquired about the total amount of proceeds she would receive at closing from the sale. Tate replied shortly after at 10:39 p.m., providing Nguyen with the specific dollar amount of her net proceeds.[2]

¶7.     The following morning, on Saturday, November 7, 2020, at 7:20 a.m., Nguyen sent an email to Tate declaring that the amount Tate quoted was incorrect and that based on her

[1] The date Bui tendered the $10,000 down payment as earnest money is unknown and not within the record provided.

[2] Tate informed Nguyen that her net proceeds would be $111,681.13.

own calculations, her net proceeds should be a higher amount.[3] Nguyen's email to Tate requested that Hayes's office correct the closing documents to align with the terms as listed in her email. A few hours later, on that same Saturday at 2:08 p.m., Nguyen sent Tate a second email following up on the status of her requested changes and asking if the closing documents would be corrected before the parties' upcoming appointment.

¶8.     On November 9, 2020, both Bui and Nguyen appeared at Hayes's law office for their closing appointment as rescheduled. However, after voiced disagreements between the parties, Nguyen left the office without signing any closing documents. The closing transaction for the sale of the subject property was not completed that day. An email from Hayes's office shows Tate communicated with other personnel at 11:18 a.m. and stated that the parties agreed to revisions to the settlement statement.

¶9.     The record shows that Bui sent Nguyen a text message later that evening on November 9, 2020, at 5:53 p.m., informing Nguyen that the documents had been changed according to her requested terms. Nguyen replied to Bui's message with a text message that

---

[3] According to Nguyen's email, she believed her net proceeds should actually amount to $112,987.15. She specifically pointed to the settlement statement included in the closing documents and identified certain itemized fees that were related to Bui's BancorpSouth loan and claimed those fees were incorrectly divided equally between the parties. She insisted she had not agreed to split those loan costs in their contract. Nguyen also disagreed with the property taxes itemized and allotted between her and Bui in the settlement statement, arguing the amount for property taxes that was listed was wrong. She contested the "tax contract" as well, stating that she believed the parties should settle based on the taxes from the previous year. Lastly, Nguyen asserted that the sales price should be listed as $165,000, not $175,000, because Bui had deposited a $10,000 down payment the previous year.

stated, "See you in court," according to the record.

¶10.   Four days later, on November 13, 2020, Nguyen sent a notarized "2 Weeks Notice" letter to Bui. The letter stated the following, "Your 'Sale & Purchase' real estate contract & 'Rental' contract will expire by November 30, 2020. I'm writing to inform you that we are no longer extending your rental lease. . . . The 'Sale & Purchase' contract CAN NOT go any further due to fraudulent information."

¶11.   Thereafter, on November 20, 2020, Bui filed a verified complaint for specific performance, a preliminary injunction, and a temporary restraining order against Nguyen in the Lowndes County Chancery Court. The premise of Bui's complaint was that Bui and Nguyen had entered into a valid contract for the sale and purchase of the subject property and that Nguyen was in breach of the contract by refusing to proceed with selling the property at the time Bui attempted to provide the purchase money. Specifically, Bui argued that Nguyen acted impermissibly when she informed Bui during the closing appointment on November 9, 2020, that she refused to go through with the sale transaction, and when she sent Bui the two-week notice letter declaring that the sale and purchase contract was not going to be pursued any further due to fraudulent information.[4]

---

[4] In his complaint, Bui alleged that Nguyen had breached the property sale contract and sought a court order requiring Nguyen to perform her obligations under the sale contract and convey the subject property to Bui. Bui further asserted that he completed all the conditions required of him; that he made substantial improvements to the subject property in reliance on the sale contract; and that he remained ready, willing, and able to perform the terms of the contract.

¶12.	Nguyen answered Bui's complaint in the form of an email sent electronically to the chancery court on December 7, 2020, filed and docketed by the clerk. Nguyen's email response involved a multitude of allegations, some offered in defense of Bui's claims against her for breach of contract, and others seemingly offered as claims against Bui and purporting Bui to be the party in error. Later the next year, on April 14, 2021, Nguyen sent a handwritten letter addressed to the chancery court, raising additional allegations against Bui.

¶13.	That same day, April 14, 2021, Bui filed a motion seeking leave from the court to file an amended complaint to correct an error in the property address and to add a claim against Nguyen for detrimental reliance and unjust enrichment. Nguyen subsequently sent an email to the chancery court on April 23, 2021, asserting various additional allegations regarding Bui's conduct at the subject property and the parties' signed agreement, filed and docketed by the clerk. Also on April 23, 2021, the chancery court entered an order granting Bui's motion to file an amended complaint. Bui subsequently filed his amended complaint on April 29, 2021. Bui's amended complaint against Nguyen was then set for trial on May 6, 2021.

¶14.	The trial occurred as scheduled, and the chancellor rendered a decision on the record at the conclusion of the trial. The court subsequently entered a written final judgment on May 18, 2021. The court's judgment stated that the court found Nguyen admitted and acknowledged at trial that she had entered into a property sale contract with Bui by signing the documents on August 26, 2019. The court determined that the subject property was a unique building; Bui made substantial improvements to the property in reliance on the

6

contract, amounting to approximately $168,500; and Bui had used the property to operate his business since the execution of the sale contract. The court also found that Bui remained ready, willing, and able to purchase the property as agreed. Thus, the court granted Bui's request for relief and awarded specific performance of the contract. The court ordered Nguyen to sell the property and close the sale transaction within ten days of the date the court entered its final judgment. Further, the court determined that the initial settlement statement was correct and consistent with the terms of the sale contract but ordered the parties to close the sale pursuant to the second settlement statement because the revisions allocated the costs in the manner Nguyen had insisted.

¶15. On May 18, 2021, the same day the chancery court entered its final judgment, Nguyen filed her notice of appeal from the final judgment.[5] On September 24, 2021, Nguyen filed her

---

[5] During the pendency of this appeal, the record shows that Bui's attorney emailed Nguyen on May 21, 2021, attempting to set a date to close the transaction as ordered, and Nguyen replied that same day in a manner indicating that she would not be closing the transaction at that time because she was appealing. Then, on May 24, 2021, Nguyen sent a handwritten letter to the chancery court asking the court to grant her "more time . . . to appeal" from the final judgment because of alleged errors in the estimated cost of appeal.

Bui filed a motion to compel on May 24, 2021, as well, requesting that the chancery court compel Nguyen to close the real estate transaction as ordered or, in the alternative, require Nguyen to post a supersedeas appeal bond. The chancery court held a hearing on Bui's motion to compel on August 26, 2021. The court entered its ruling on September 2, 2021, concluding that Bui was permitted to proceed with enforcing the final judgment and ordering Nguyen to close the property sale transaction according to the terms of the final judgment within ten days of September 2, 2021. However, according to the appellee's brief filed on December 20, 2021, "Bui's bank has refused to approve financing during the pendency of this appeal and their closing attorney has refused to certify title during the pendency of this appeal. As a result, the property transaction has not closed."

appellate brief and asserted various grounds, seeking relief on appeal.[6]

## STANDARD OF REVIEW

¶16.    "When reviewing the decisions of a chancellor on appeal, we employ a limited standard of review." *Frierson v. Delta Outdoor Inc.*, 794 So. 2d 220, 223 (¶6) (Miss. 2001). In rendering a decision on appeal, "[a] chancellor's factual findings are given great deference[.]" *Kendrix v. Huckaby*, 955 So. 2d 950, 953 (¶13) (Miss. Ct. App. 2007). "The findings of a chancellor will not be disturbed unless we find that the chancellor was manifestly wrong, clearly erroneous, or applied a wrong legal standard." *Frierson*, 794 So. 2d at 223 (¶6). We "apply a de novo standard of review to questions of contract interpretation." *Walters Invs. Inc. v. Spell*, 333 So. 3d 61, 68 (¶16) (Miss. Ct. App. 2021).

## DISCUSSION

¶17.    After reviewing Nguyen's appellate briefs in conjunction with the record, the grounds on which Nguyen seeks the relief, though convoluted, consist of two allegations. To

---

[6] Nguyen also filed a brief addendum on May 23, 2022. In that addendum, Nguyen merely reasserted her claim that service of process was improper, which she had already alleged in her appellate brief and appellate reply brief previously filed. Nguyen did not raise the issue of improper service of process in the chancery court. "This Court has repeatedly held that a trial judge will not be found in error on a matter not presented to the trial court for a decision." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 410 (¶21) (Miss. 2018). Further, we note that "[a] defendant also can waive a defense by failing to timely and reasonably pursue it while actively participating in the litigation process." *Cent. Ins. of Grenada Inc. v. Greenwood*, 268 So. 3d 493, 503 (¶25) (Miss. 2018). Because Nguyen did not raise the issue before the trial court and actively participated in the litigation of Bui's complaint and appeared and defended at trial, we find she waived the defense of insufficient service of process.

8

summarize, Nguyen initially insists that a matter is not "closed" for the purpose of enforcing a judgment until the appeal process is complete, and she is aggrieved that the closing documents were inaccurate and out-of-date at the time the court's final judgment was entered on May 18, 2021. Second, Nguyen claims that the chancery court inadequately considered the evidence, and as a result, improperly found her to be the party responsible for the unfulfilled sale contract.[7] Additionally, Bui requests appellate attorney's fees.

¶18.   Notwithstanding the ambiguous nature of Nguyen's arguments, we find substantial evidence in the record to support the chancery court's decision and dispose of Nguyen's appeal on two grounds. First, Nguyen's appeal does not raise any reversible errors under the law or provide any legal basis or authority to support her request to have the court's judgment reversed. Second, she merely asserts facts underlying the case for this Court to consider and evaluate on our own and essentially asks this Court to conduct a de novo review.

¶19.   "De novo means 'anew' or 'afresh.' . . . De novo review allows the court to reexamine the evidence decided by the finder of fact[.]" *Jones v. State*, 972 So. 2d 579, 581 (¶10) (Miss. 2008) (Easley, J., dissenting) (quoting Black's Law Dictionary 226 (5th ed. 1983)). In other words, "[w]hen we say that our standard of review is 'de novo,' that simply means that this Court sits in the same position as did the trial court and that we do not defer to the trial

---

[7] In her brief under the summary-of-the-case heading, Nguyen questions why she is the "guilty party" when, according to her, she had all the evidence, and Bui had no evidence against her. Nguyen contends that the court's judgment should have determined the parties' fault based on the evidence that she and Bui had presented.

court's ruling." *Stowe v. Edwards*, 331 So. 3d 24, 33 (¶34) (Miss. Ct. App. 2021) (internal quotation marks omitted). But a de novo review of the evidence and the chancellor's findings of fact is beyond the scope of our appellate review given the facts and procedural history of this matter.

## I. Nguyen's Request for Reversal

### A. Failure to Raise Legal Errors and Provide Legal Authority

¶20. "Mississippi Rule of Appellate Procedure 28(a)[(7)] requires an appellant's brief to 'contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.'" *Norwood v. Miss. Dep't of Emp. Sec.*, 105 So. 3d 408, 410 (¶5) (Miss. Ct. App. 2012).

¶21. In support of her contention that the matter is not "closed" until the appellate courts enter a ruling, Nguyen fails to cite to any legal authority for this proposition. To the contrary, this Court has stated,

> The filing of a notice of appeal transfers jurisdiction of a matter from the lower court to the appellate court, divesting the lower court of authority to amend, modify, or reconsider its judgment. . . . However, though an appeal is pending, "the appellee may execute on the decree in the lower court, providing the appeal is without a supersedeas bond and that the court does not in any way broaden, amend, modify, vacate, clarify, or rehear the decree."

*Bert Allen Toyota Inc. v. Grasz*, 947 So. 2d 358, 362 (¶7) (Miss. Ct. App. 2007) (quoting *Ladner v. Ladner*, 843 So. 2d 81, 83 (¶5) (Miss. Ct. App. 2003)). Nguyen fails to cite any legal basis for her claim that a matter is not considered "closed" until after the appellate court has issued a decision.

¶22. Nguyen's next argument that the closing documents contain itemized amounts that are out-of-date only raises an issue to the extent of effectuating the court's order of specific performance. She merely alleges that because the amounts listed in the second closing statement have changed since November 6, 2020, errors exist in the contents of the closing documents that prevent her from closing the sale transaction in compliance with the court's order. But her claim that the second closing statement needs to be updated before she can close the sale transaction does not take issue with the actual determination that specific performance was appropriate. As such, Nguyen fails to allege any error in the chancery court's final judgment. Nguyen also does not provide any legal basis for finding the court's judgment should be reversed due to outdated closing costs. *See Hardin v. Hardin*, 335 So. 3d 1088, 1094 (¶21) (Miss. Ct. App. 2022) ("Our caselaw clearly provides that the failure to cite supporting legal authority precludes consideration of an issue on appeal.").

¶23. Moreover, the issues regarding outdated and inaccurate monetary amounts that Nguyen raises on appeal were pointedly addressed by the chancellor at trial. The transcripts show the court's order (given on the record) stated,

> The Court understands that adjustments will have to be made unto the numbers, because the payoff, I am assuming, will not be the same any longer as it was then, and I'm not sure -- the Court didn't accept any or hear any evidence one way or the other on what the current payoff would be for Ms. Nguyen's note. So that will have to be changed. Otherwise, everything else in those documents, the Court is going to order that the transaction be closed, and I'm going to give ten days for the parties to make those changes to the closing documents and close this loan.

Thus, Nguyen's claim as to the contents of the settlement statement is entirely unwarranted

11

since the chancery court already addressed the need to update the itemized monetary amounts before closing the sale transaction.

¶24. Nguyen also alleges that she will be sued by Dalrymple Law Firm if the parties are ordered to close at Hayes's law office because the contract was notarized at the Dalrymple Law Firm. However, Nguyen does not provide any authority holding that real estate sales contracts are required to close at the place the contract was notarized or any authority holding a party liable for closing at a different place than where the contract was notarized. *See In re Est. of Forrest*, 165 So. 3d 548, 550 (¶7) (Miss. Ct. App. 2015) ("It is well settled under Mississippi caselaw that failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." (internal quotation marks omitted)).

¶25. Lastly, in her appellate reply brief, Nguyen alleges, "The Honorable Joseph N. Studdard did not examine the evidence carefully." But the surrounding context shows that Nguyen's basis for claiming that the court did not properly examine the evidence had nothing to do with the actions of the chancery court. Rather, she merely offers conjecture that the court did not examine the evidence carefully enough and found her at fault because, at trial, Hayes made an allegedly untrue statement about the timing of revisions to the closing documents. Again, she fails to cite any legal authority or basis for her position that the court must not have examined the evidence carefully. *Id.*

¶26. Upon a thorough review of Nguyen's appellate brief and appellate reply brief, this Court cannot find where Nguyen "stated any actual assignment of error or cited any authority

12

for her position." *Norwood*, 105 So. 3d at 410 (¶5). Although Nguyen has chosen to proceed to litigate and "to appeal this matter without the assistance of counsel, the Mississippi Supreme Court has consistently held that [a] pro se litigant shall be held to the same standard as an attorney." *In re Est. of Forrest*, 165 So. 3d at 550 (¶8) (internal quotation marks omitted); *see also Bailey v. Wheatley Ests. Corp.*, 829 So. 2d 1278, 1281 (¶11) (Miss. Ct. App. 2002) ("A pro se litigant shall be held to the same standard as an attorney. This Court will not give deference to a person who chooses to represent himself." (citation omitted)). Thus, because of Nguyen's "complete failure to raise any appealable issue or cite a single authority of law, we decline to address the merits of this appeal." *Norwood*, 105 So. 3d at 410 (¶6).

### B.    Preclusion from Acting as a Second Fact-finder

¶27.    Moreover, we gather from the record that Nguyen's request for reversal is also predicated on her assertion that the judgment "finding her guilty" was not based on a proper evaluation of the evidence and the underlying facts pertaining to the actions of Bui and Hayes. Nguyen, in essence, asks this Court to conduct a de novo review and re-evaluate the existence, credibility, and weight of the facts that she and Bui had each presented to the chancery court. She impliedly asks this Court to conduct its own assessment of the evidence and find that Bui was responsible for the parties' inability to proceed with the sales transaction.[8]

---

[8] In the statement-of-facts section of her brief, Nguyen raises factual matters that appear to insinuate issues with the actions of Bui and Hayes since the execution of the

13

¶28. As previously stated, the scope of appellate review pertaining to findings of fact by a chancellor is limited and, "[t]his Court does not re-evaluate the evidence, re-test the credibility of witnesses, nor otherwise act as a second fact-finder." *Cox v. Upchurch*, 301 So. 3d 69, 73 (¶13) (Miss. Ct. App. 2020). Said differently, "[t]his Court does not sit to redetermine questions of fact." *Mayton v. Oliver*, 247 So. 3d 312, 322 (¶33) (Miss. Ct. App. 2017). When "there is substantial evidence in the record to support fact-findings" of the chancery court, "the appellate court will uphold the chancellor." *Cox*, 301 So. 3d at 73 (¶13).

¶29. We refrain from re-evaluating the evidence, and we review the facts only to the extent of determining whether substantial evidence supports the chancery court's findings and conclusions. A thorough review of the record shows that at trial, Nguyen admitted to the following: she had a valid sale contract with Bui; Bui attempted to purchase the property

---

written agreement. Nguyen alleges the following as relevant facts: (1) Bui used her property as collateral to get a secured loan without her permission; (2) Neither Bui or Hayes provided her with any closing documents to review before the November 6, 2020, appointment; (3) Bui chose to use a different closing agent without notifying her or asking her opinion; (4) Bui and Hayes signed the closing documents sent on November 6, 2020, without her being present; (5) Bui and Hayes refused to make corrections to the closing documents at the appointment on November 9, 2020; (6) Bui took it upon himself to remodel the property without her permission; (7) Hayes presented a signed revised closing document at trial and made an untrue statement that it was prepared for the November 9, 2020 closing appointment; (8) Bui did not attach the signed revised closing documents to the summons when he filed suit against her; (9) Bui applied for the certificate of occupancy and building permits using her name without her permission; and (10) Bui operated his business beginning on December 11, 2019, before the certificate of occupancy was issued on November 3, 2020. She also claims in her statement of the facts that she did not refuse to accept the tender of the purchase price and claims that she met all the requirements for leasing her commercial property to Bui.

14

within the allowed time period; she had objected to terms in the settlement statement; Bui notified her of the revised closing documents before the contract's expiration date; and she refused to move forward with the closing after being notified of the revisions. The record supports the finding that Bui attempted to deliver the purchase price and that Nguyen failed to perform by refusing to sell him the property. Additionally, the record provides evidence that the contract was for the purchase of land, Bui had made significant improvements to the property in reliance on the contract, and Bui remained ready, willing, and able to provide the purchase money and perform his obligations in the sale contract. Therefore, we find substantial evidence in the record supports the chancery court's decision.

## II.    Bui's Request for Appellate Attorney's Fees

¶30.    In Bui's appellee brief, he requests an award of appellate attorney's fees in the amount of $8,835 for fees and expenses incurred in the preparation of post-trial motions to compel enforcement of the sale transaction, an additional hearing, and his response in this appeal. We note that Bui is the prevailing party and that his request for attorney's fees is supported by an affidavit from his attorney and an itemized list of costs.[9] However, "our Supreme Court recently held that a request for appellate attorney's fees must be made in a motion that

---

[9] *See Stewart v. Stewart*, 309 So. 3d 44, 103 (¶211) (Miss. Ct. App. 2020) ("When a prevailing party requests attorneys' fees on appeal, typically, the Court awards attorney fees on appeal in an amount equal to half the amount awarded at trial. . . . Rule 27(a) requires a party seeking attorneys' fees on appeal to file a motion in the Court, supported by affidavits and time records that establish the actual fees expended on appeal." (citations and internal quotation marks omitted)).

complies with Mississippi Rule of Appellate Procedure 27(a)." *Brown v. Hewlett*, 281 So. 3d 189, 200 (¶45) (Miss. Ct. App. 2019) (citing *Latham v. Latham*, 261 So. 3d 1110, 1114-16 (¶¶21-24) (Miss. 2019)). Therefore, we deny Bui's request for appellate attorney's fees without prejudice. Bui "'may renew his request in a motion that complies with Rule 27(a)[,]' but '[a]ny such motion should be filed before the mandate issues.'" *Hardin*, 335 So. 3d at 1094 (¶21) (quoting *Brown*, 281 So. 3d at 200-01 (¶45)).

## CONCLUSION

¶31.    Upon a thorough review, we cannot find that the chancery court abused its discretion. Thus, we affirm the final judgment ordering Nguyen to specifically perform the terms of the real estate contract.

¶32.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**