# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01327-COA

**RUSSELL O'QUIN**                                               **APPELLANT**

**v.**

**DIANE T. DAVAUL, CLAIBORNE COUNTY**                           **APPELLEE**
**TAX ASSESSOR**

DATE OF JUDGMENT:               11/05/2024
TRIAL JUDGE:                    HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:      CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         RUSSELL O'QUIN (PRO SE)
ATTORNEYS FOR APPELLEE:         LANCE WESLEY MARTIN
                                WILLIAM ROBERT ALLEN
NATURE OF THE CASE:             CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                    AFFIRMED - 01/13/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1.    On November 5, 2024, the Circuit Court of Caliborne County entered a final judgment dismissing Russell O'Quin's complaint against the county tax assessor, Diana Davaul, and granting Davaul's motion for a judgment on the pleadings. Subsequently, O'Quin appealed, but his one-page pro se brief fails to cite relevant parts of the record, legal authority, or develop any meaningful argument. Thus, O'Quin's argument that the chancellor committed error is procedurally barred. Notwithstanding the bar, we find that the chancellor did not err by granting Davaul's motion for a judgment on the pleadings and that O'Quin's complaint was properly dismissed. Therefore, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     On April 2, 2024, O'Quin filed a pro se complaint in the Circuit Court of Claiborne County against Diana Davaul in her official capacity as the county's tax assessor. O'Quin's complaint alleged that he had been discriminated against when Davaul denied his homestead exemption. In his complaint, O'Quin stated that "[w]hen [he] presented to the tax assessor's office, he was told personally by the assessor [(Davaul)] that he was married and unable to file for homestead exemption. . . . [T]he plaintiff has been discriminated against." As a result of Davaul's alleged discrimination, O'Quin sought damages in the amount of $300,500 for "depression, stress, anxiety, and loss of sleep due to Ms. Davaul's overreach as tax assessor." Service of process was completed on April 11, 2024, and Davaul filed her answer on May 13.[1]

¶3.     In her answer, Davaul asserted the various defenses under Mississippi Rule of Civil Procedure 12(b)(1)-(7) and claimed that since she was "the duly-elected Tax Assessor for Claiborne County," the Mississippi Tort Claims Act (MTCA) applied to the case. Specifically, Davaul claimed that dismissal was proper because O'Quin failed to comply with multiple requirements of the MTCA, including the pre-suit notice requirement under section 11-46-11(1).[2]

---

[1] Davaul's response was due thirty days after service of process was completed, i.e., her answer was due on May 11, 2024, but May 11 was a Saturday. Pursuant to Mississippi Rule of Civil Procedure 6(a), Davaul had until Monday, May 13, to file her answer. Rule 6(a) states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . or any other day when the courthouse . . . is in fact closed, . . . in which event the period runs until the end of the next day which is not a Saturday, a Sunday, [or] legal holiday. . . ."

[2] Mississippi Code Annotated section 11-46-11(1) (Rev. 2019) outlines the pre-suit notice requirement, stating that, "at least ninety (90) days before instituting suit, the person

¶4. Additionally, Davaul argued that under Mississippi Code Annotated section 11-46-7(2),[3] she could not be "personally liable for acts or omissions occurring within the course and scope of [her official] duties" since she was Claiborne County's tax assessor. Lastly, Davaul claimed that O'Quin's complaint should be dismissed because he failed "to exhaust all . . . administrative remedies available to him prior to filing suit."

¶5. Approximately one month after filing her answer, and pursuant to Mississippi Rule of Civil Procedure 12(c), Davaul filed a motion for a judgment on the pleadings with a memorandum of support. O'Quin failed to respond to Davaul's motion, and a hearing was scheduled for November 4, 2024. During the hearing, counsel for Davaul claimed that dismissal was proper since O'Quin's complaint was against her in "her official capacity" as the Claiborne County Tax Assessor. Davaul reasoned that "[o]fficial capacity claims are essentially claims against the county," but O'Quin "failed to provide the county with . . . pre-suit notice of [his] claim [as required] under the Mississippi Tort Claims Act." Davaul also asserted that any discrimination claim O'Quin made—whether a state or federal discrimination claim—should be dismissed because O'Quin failed to identify the nature and extent of his alleged constitutional violation.

¶6. O'Quin was not represented by counsel during the hearing, and when asked by the circuit court to explain the nature of his complaint, O'Quin replied, "I have everything

_____

must file a notice of claim with the chief executive officer of the governmental entity."

[3] In pertinent part, Mississippi Code Annotated section 11-46-7(2) (Rev. 2019) states, "[N]o [government] employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."

against the fact that I didn't get my tax exemption." During the hearing, O'Quin contended that he was entitled to receive the homestead exemption because Davaul failed to answer his complaint within the required thirty-day period provided by Mississippi Rule of Civil Procedure 12(a). Referring to Davaul's May 13 answer, O'Quin stated, "30 days is 30 days. That is my argument. . . . I am here for this right now, the 30 day thing."

¶7.     The circuit court judge then attempted to clarify the nature of O'Quin's complaint, saying, "I understand your argument about the 30 days, . . . [b]ut let me ask you about your claims that you did file in your complaint . . . . [Y]ou made claims against Ms. Davaul regarding her as the tax assessor?" O'Quin replied, "That is correct." The circuit court then questioned O'Quin about his alleged discrimination claim, asking him, "Do you believe [Davaul] was discriminating against you," to which O'Quin replied, "I never mentioned that word discrimination. . . . I probably said that it could have been discrimination[,] but I didn't file a discrimination [sic]." After O'Quin made this statement—apparently renouncing his discrimination claim—the circuit court again sought clarification, asking O'Quin, "So your issue with Ms. Davaul is in her capacity as tax assessor," to which O'Quin replied, "[Y]es."

¶8.     The circuit court then explained to O'Quin that since his claim against Davaul was based on her decision not to grant him homestead exemption, which was a decision "[with]in her scope of employment," O'Quin was required to comply with the MTCA's requirements, including the pre-suit notice requirement under section 11-46-11(1). Since O'Quin failed to send Davaul and the county pre-suit notice according to this statute, the circuit court dismissed his complaint and granted Davaul's motion for a judgment on the pleadings. The

circuit court explained that even though Davaul failed to answer within thirty days of being served, O'Quin failed to request the court "to give [him] a default judgment[,] if one was applicable," and failed to respond to Davaul's motion for a judgment on the pleadings. Three weeks later, O'Quin appealed.

## STANDARD OF REVIEW

¶9.     "A ruling on a motion for a judgment on the pleadings under Rule 12(c) is reviewed de novo." *Moore v. McDonald*, 47 So. 3d 1186, 1188 (¶6) (Miss. Ct. App. 2010). However, "[e]ven when our review is de novo, the trial court's judgment is always presumed to be correct, and the burden falls upon the appellant to show reversible error. If the appellant fails to demonstrate reversible error, the judgment must be affirmed." *Thompson v. AAA Cooper Transp.*, 345 So. 3d 1219, 1222 (¶10) (Miss. Ct. App. 2022).

## ANALYSIS

¶10.    On appeal, O'Quin again argues that he qualifies for the homestead exemption. He also claims that he should have been awarded a default judgment since his complaint was hand-delivered to Davaul on April 11, but she did not file an answer until May 13. In support of this claim, he reiterates his trial-court argument that "30 is 30," with no explanation as to why Mississippi Rule of Civil Procedure 6(a), which clearly extended Davaul's answer deadline to May 13, does not apply. Nor does O'Quin address his obvious shortcomings under the Mississippi Tort Claims Act, including his failure to provide the mandatory pre-suit notice prior to filing his complaint against a public official, or his failure to exhaust all available administrative remedies. As such, O'Quin's unsupported argument that Davaul's

5

answer was untimely is without merit and procedurally barred under Mississippi Rule of Appellate Procedure 28(a)(7).

¶11.    We begin by noting that O'Quin's one-page appellant's brief failed to cite any legal authority in support of his claims. In accordance with Mississippi Rule of Appellate Procedure 28(a)(7), "an appellant's brief must contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." *In re Est. of Forrest*, 165 So. 3d 548, 550 (¶7) (Miss. Ct. App. 2015). "It is well settled under Mississippi caselaw that failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." *Id.* (quotation marks omitted).

¶12.    Additionally, "[i]t is the duty of an appellant to provide authority in support of an assignment of error, and the failure to do so is considered abandonment of the issue; thereby making the issue procedurally barred for appellate review." *Thompson*, 345 So. 3d at 1223 (¶11). We also note that O'Quin's brief "fails to contain a certificate of interested persons, tables, statement of assignment, statement of the case, or summary of the argument. This noncompliance alone serves as a procedural bar to our review." *Id.* at 1222 (¶11).

¶13.    We acknowledge that O'Quin chose to file the instant appeal without the assistance of counsel, yet our Supreme Court has consistently held that "a pro se litigant shall be held to the same standard as an attorney." *In re Est. of Forrest*, 165 So. 3d at 550 (¶8). Here, O'Quin's appellate brief failed to "provide authority in support of an assignment of error" despite its requirement under Rule 28(a). His argument is also procedurally barred because

it omits several required sections, including "a certificate of interested persons, tables, statement of assignment, statement of the case, or [a] summary of the argument." *Thompson*, 345 So. 3d at 1222 (¶11).

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER AND WEDDLE, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**